Filed 07/03/24

VERMONT SUPERIOR COURT

Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02540

| Jason Cox v. Unnamed Defendant |
| --- |

## DECISION ON REQUEST FOR TEMPORARY RESTRAINING ORDER

In this complaint for a temporary restraining order (TRO) and preliminary injunction, Plaintiff Reverend Jason Cox requests that the Court prohibit the Lawrence Memorial Library ("the Library") from hosting an event that he alleges will harm unspecified minors who attend the event. Although the relief Plaintiff requests would restrain the conduct of the Library and the performer, Katness Everqueer, Plaintiff's complaint does not name those parties as defendants in the action, nor does he provide any proof of service upon any defendant.

Plaintiff alleges that the Library has scheduled a public event on July 6, 2024, known as Drag Queen Story Time, featuring a performer, Katness Everqueer (Kat Redniss).[1] According to Plaintiff, the promotion for the event provides a link to the performer's Instagram profile. He states that the Instagram profile "contains explicit and provocative images that are inappropriate for children and potentially violate Vermont's obscenity laws." Complaint at 3. Plaintiff alleges that the event is imminent, and that "irreparable harm . . . could be inflicted on the community if minors are exposed to indecent material." *Id.* at 4. Further, according to Plaintiff, "[t]he performance and the linked explicit content pose a significant risk to the welfare and moral development of minors who may attend the event." *Id.*

The Vermont Rules of Civil Procedure provide that "[a] temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." V.R.C.P. 65.

---

[1] An unnumbered exhibit submitted with the Complaint indicates an event called "Drag Story Hour Vermont" on July 6 in Bristol. It is unclear on the face of the exhibit whether the exhibit is a webpage or a social media post. It is equally unclear whether the Library, the performer, or some other party controls this alleged promotion of the event.

Here, Plaintiff alleges that such harm "will result to minors who attend the Drag Queen Story Time event if it proceeds as planned, due to the explicit nature of the content linked to the performer." Affidavit, ¶ 4. Plaintiff alleges that the images posted on the performer's Instagram profile are "unsuitable for children," Complaint at 4, and "potentially violate Vermont's obscenity laws," *Id.* at 3, but he alleges no injury that would result to Plaintiff himself if the event occurs on July 6, 2024, nor does he allege that the images on the performer's Instagram profile will be shown to minors at the event. He does not allege a relationship to the hypothetical, and unnamed, minors nor any reason why he would be permitted to file claims on their behalf. The Complaint does not even contain any allegation that minors will in fact attend the event, nor does it allege a reason why the event would contain obscene materials.

Because Plaintiff has not alleged any specific facts from which it clearly appears that immediate and irreparable injury, loss, or damage will result to him, the Court denies Plaintiff's request for a TRO.

Plaintiff also fails to allege any nexus between himself and the hypothetical injuries to minors that he speculates could occur on July 6 at the Library. "To satisfy the threshold requirement of standing, a plaintiff 'must present a real—not merely theoretical—controversy involving the threat of actual injury to a protected legal interest rather than merely speculating about the impact of some generalized grievance.'" *Turner v. Shumlin*, 2017 VT 2, ¶ 11, 204 Vt. 78 (quoting *Brod v. Agency of Nat. Res.*, 2007 VT 87, ¶ 9, 182 Vt. 234).

The elements of standing are injury in fact, causation, and redressability. *Id.* "Specifically, the plaintiff 'must have suffered a particular injury that is attributable to the defendant and that can be redressed by a court of law.'" *Wool v. Off. of Pro. Regul.*, 2020 VT 44, ¶ 10, 212 Vt. 305 (quoting *Parker v. Town of Milton*, 169 Vt. 74, 77 (1998). "The alleged injury must be an invasion of a legally protected interest, not a generalized harm to the public." *Id.* (quoting *Paige v. State*, 2018 VT 136, ¶ 9, 209 Vt. 379.

Here, not only is the alleged injury theoretical, speculative, and a generalized harm to the public, but Plaintiff has not alleged any injury in fact that he will suffer, and therefore even if the Court takes all allegations in the Complaint to be true, Plaintiff lacks standing. Because this Court has no jurisdiction where there is no actual controversy between adverse litigants, the Court dismisses the Plaintiff's complaint. *See Id.*, ¶ 11 ("The purpose of the standing doctrine is . . . to determine whether the plaintiff's stake in the outcome of the controversy is sufficient to assure that concrete adverseness which sharpens the presentation of issues."); V.R.C.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

## Order

      Plaintiff's motion for a temporary restraining order is **DENIED,** and Plaintiff's Complaint is **DISMISSED.**

**Signed Electronically on July 2, 2024 pursuant to V.R.E.F. 9(d).**

_____

**David Barra**
**Superior Court Judge**